IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Russell L. Lichtenstein, Esquire (4996)
COOPER LEVENSON, P.A.
A Professional Association, 1125 Atlantic Avenue - 3rd Floor
Atlantic City, NJ 08401
(609) 344-3161
File No.: 57191.00046
Attorneys for Defendant, Caesars License Company, LLC

| | |
|---|---|
| ALBERTO HERNANDEZ,<br><br>   Plaintiff,<br><br>vs.<br><br>CAESARS LICENSE COMPANY, LLC, entity, d/b/a, BALLY'S ATLANTIC CITY,<br><br>   Defendant, | CIVIL ACTION NO.<br><br>1:19-cv-06087-RMB/KMW |
| ALBERTO HERNANDEZ,<br><br>   Plaintiff,<br><br>vs.<br><br>CAESARS LICENSE COMPANY, LLC, entity d/b/a, CAESAR'S ATLANTIC CITY HOTEL AND CASINO,<br><br>   Defendant, | CIVIL ACTION NO.<br><br>1:19-cv-06088-RMB/KMW |

|  |  |
|---|---|
| ALBERTO HERNANDEZ, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. |
| CAESARS LICENSE COMPANY, LLC, entity d/b/a, HARRAH'S RESORT ATLANTIC CITY, | : 1:19-cv-06090-RBK/KMW |
| Defendant, | : |

**DEFENDANT, CAESARS LICENSE COMPANY, LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINTS PURSUANT TO F.R.C.P. 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION AND F.R.C.P. 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................................. 1

II.  LEGAL ARGUMENT .......................................................................................... 2

   A. PLAINTIFF FAILS TO PRESENT ANY VIABLE ARGUMENT TO CONTEST DEFENDANT'S CLAIM THAT THERE IS NO INJURY-IN-FACT ............. 2

   B. PLAINTIFF FAILS TO PRESENT ANY VIABLE ARGUMENT TO CONTEST DEFENDANT'S CLAIM THAT THERE IS A PRIVATE RIGHT OF ACTION FOR VIOLATION OF 28 C.F.R. § 36.302(e)(1) ................................................ 7

III. CONCLUSION ..................................................................................................... 9

**TABLE OF CITATIONS**

**CASES CITED:**
*Cottrell v. Alcon Labs.*, 874 F.3d 154 (3d Cir. 2017) ................................................. 3
*Gaylor v. Hamilton Crossing CMBS*, 582 Fed. Appx. 576 (6th Cir. 2014) ................. 6
*Haven's Realty Corp v. Coleman*, 455 U.S. 363 (1982) ............................................ 6
*Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013) ................ 2, 5, 6
*In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262 (3d Cir. 2016) .................. 4
*Kennedy v. Solano*, 735 Fed. Appx. 653 (11th Cir. 2018) .......................................... 6
*Kramer v. Midamco*, 656 F.Supp.2d 740 (N.D. Ohio 2009) ....................................... 6
*Mielo v. Steak 'N Shake Operations, Inc.*, 897 F.3d 467 (3d Cir. 2018) ................... 2, 3
*Nat'l All. for Accessibility, Inc. v. Waffle House, Inc.*, No. 5:10-CV-375-FL, 2011 U.S. Dist. LEXIS 69815 (E.D.N.C. June 29, 2011) ................................................. 6
*Shotz v. Cates*, 256 F.3d 1077 (11th Cir. 2001) ......................................................... 5
Spokeo v. Robbins, 136 S.Ct. 1540 (2016) ................................................................. 3

**RULES CITED:**
Federal Rules of Civil Procedure 12(b)(1) ................................................................. 1, 9
Federal Rules of Civil Procedure 12(b)(6) ................................................................. 1, 9

**STATUTES/REGULATIONS CITED:**
28 C.F.R. § 36.302(e)(1) ........................................................................................ 1, 7, 8

**OTHER AUTHORITIES:**
Kelly Johnson, *Note: Testers Standing Up for Title III of the ADA*, 59 Case W. Res. L. Rev. 683, 697 (2009) ............................................................................................... 6

Caesars License Company, LLC respectfully submits the following points and authorities in reply to Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss Plaintiff Alberto Hernandez' Complaints pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I. INTRODUCTION

Plaintiff's Brief completely fails to respond to Defendant's arguments that the Complaint fails to plead an Americans With Disabilities Act ("ADA") cause of action.

Plaintiff's Complaint alleges that he perused Defendant's web site and opined that it was not compliant with the Code of Federal Regulations ("CFR"). Plaintiff does not allege that he ever stayed at Defendant's hotels. Plaintiff does not allege that he ever wanted to stay, or intended to stay, in Defendant's hotels. Plaintiff does not allege that he tried to make a reservation, or was dissuaded from making a reservation, at Defendant's hotels. Plaintiff does not allege that he was injured or discriminated against in any way. Plaintiff merely claims that Defendant's website did not comply with the regulations set forth in 28 C.F.R. § 36.302(e)(1).

Plaintiff has not suffered from any injury by Defendant. Without any injury-in-fact, Plaintiff cannot bring a claim against Defendant for violating the ADA. Plaintiff' Brief fails to state how the allegations in his Complaint sufficiently plead a cause of action under the ADA because he cannot even show that there was an injury-in-fact alleged. The allegations in the Complain are therefore deficient.

Not only is there no injury alleged in the Complaint, but there is no private right of action for violations of a federal regulation. Plaintiff's Brief does not refute Defendant's argument.

For the reasons outlined below, Plaintiff Brief fails to show why his Complaint should not be dismissed. As such, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint.

## II. **LEGAL ARGUMENT**

### A. Plaintiff Fails to Present Any Viable Argument to Contest Defendant's Claim That There Is No Injury-In-Fact

This is **not** a matter that involves architectural barriers. Many of the opinions addressing purported ADA violations involve architectural barriers that can impede accessibility. Plaintiff relies on opinions that address architectural barriers to support his claim that he suffered an injury-in-fact. The opinions involving architectural barriers are inapposite.

Plaintiff relies heavily on the holding in *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), to support his claim that he suffered an injury-in-fact under the ADA. The plaintiff in *Houston* visited defendant supermarket and had difficulty maneuvering his wheelchair through the premises because of architectural barriers. He was a tester plaintiff, as it the Plaintiff in the instant matter. The 11th Circuit determined that his status as a tester plaintiff did not preclude a finding of injury-in-fact. However, in addition to establishing an injury-in-fact, Plaintiff must also show likelihood that he would be subject to the same injury-in-fact in the future in order to be entitled to injunctive relief. The real issue in *Houston* was whether plaintiff was entitled to injunctive relief. The 11th Circuit determined that he was.

In this jurisdiction, the 3d Circuit has already established that a plaintiff who is actually challenged by architectural barriers can have standing under the ADA. The inability to maneuver past an architectural barrier has been determined to be an injury-in-fact. *Mielo v. Steak 'N Shake Operations, Inc.*, 897 F.3d 467 (3d Cir. 2018). The plaintiffs in *Mielo* claimed that not only were there architectural barriers in defendant's restaurant which caused injury, but plaintiffs also sought to enjoin the defendant to adopt corporate policies to address ADA compliance and to perpetually seek out and correct non-compliance in defendant's national restaurant chain.

2

The 3d Circuit specifically noted that the existence or absence of corporate policies do not on their own cause an injury-in-fact:

> To the extent that Plaintiffs allege only a harm in the mere existence or absence of particular corporate policies, Plaintiffs lack standing. As we recognized in *Cottrell [v. Alcon Labs., 874 F.3d 154 (3d Cir. 2017)]*, "**[b]are procedural or technical violations of a statute alone will not satisfy the concreteness requirement.**" *Cottrell*, 874 F.3d at 167 (citing *Spokeo [v. Robbins, 136 S.Ct. 1540 (2016)]* at 1549). Therefore, even assuming that Steak 'n Shake violated the ADA by failing to have an adequate ADA compliance policy in place, the mere nonexistence of such a policy would not afford Plaintiffs a basis to establish standing. In other words, **Plaintiffs would still need to show how the lack of a policy resulted in a concrete harm that was particular to them**.

[*Mielo, supra*, at 479 (emphasis added).]

Plaintiff's reliance on caselaw relating to architectural barriers is misplaced. Here, Plaintiff never actually stayed at any of Defendant's hotels, never actually made a reservation, and never desired or intended to stay at any of Defendant's hotels. Defendant did not cause any injury-in-fact to Plaintiff.

However, the 3d Circuit opinion in *Mielo* is instructive in the instant matter as it relates to the plaintiffs' claim against the restaurant for failure to establish corporate policies. In the instant matter, even if it is determined that Defendant's web site failed to comply with regulations in the CFR, which would amount to a technical violation of the CFR, that is not enough on its own to establish the "concreteness" of injury requirement for standing under the ADA. Plaintiff here, like the plaintiffs in *Mielo*, must show more than a technical violation; he must show how Defendant's web site resulted in concrete harm particular to him. Plaintiff has not alleged how he was actually injured by Defendant's web site, because he has not been injured in any way.

Plaintiff goes off on another tangent relying on caselaw, not even addressing ADA violations but rather cases addressing privacy violations, hoping that he can claim some kind of a *de facto* injury in the present matter. Plaintiff cites *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262 (3d Cir. 2016), where plaintiffs alleged violations of the Video Privacy Protection Act. For violations of privacy, the fact that there was no economic or personal injury did not preclude standing. Instead, plaintiffs alleging a violation of privacy can allege a *de facto* injury. "[W]hen it comes to laws that protect privacy, a focus on economic loss is misplaced." *Id.* at 272-73 (citations omitted). Instead, "the unlawful disclosure of legally protected information constituted 'a clear *de facto* injury.'" *Id.* at 274. "Congress has long provided plaintiffs with the right to seek redress for unauthorized disclosures of information that, in Congress's judgment, ought to remain private." *Ibid.*

Clearly the line of cases that address violations of statutes that protect privacy are materially distinct from cases that address violations of the ADA. A plaintiff can establish a *de facto* injury when alleging statutory violations that invade privacy, particularly where there has been an actual taking of someone's personal information, even if that information did not lead to pecuniary harm. Plaintiff has not cited any caselaw that determines a technical violation of the ADA, or the CFR regulations, is a *de facto* injury.

Plaintiff contends that the allegations in his Complaint are analogous to a cases that address "informational injury." (Plaintiff's Brief at 7). Plaintiff's Complaint, however, alleges a violation of the ADA, not some other statute that regulates information or protects privacy. In order to sufficiently plead an ADA claim, there is nothing in the statute or in caselaw that would indicate that alleging "informational injury" is enough to establish standing. The purpose of the ADA is to eradicate discrimination, not to protect privacy or regulate information. Plaintiff's

4

claim that there is an "informational injury" is irrelevant and distracts from the actual injury the ADA is designed to address.

Plaintiff claims that Defendant's website failed to disclose accessibility features available at Defendant's hotels, which in turn "negatively impaired Plaintiff's ability to make an informed decision in choosing accessibility accommodations, regardless of whether or not he physically visited the area." (Plaintiff's Brief at 7). Plaintiff misses the point of what constitutes an injury-in-fact. It does matter that Plaintiff Complaint does not allege that Plaintiff ever visited, or intended to visit, Defendant's hotels. Plaintiff was never prevented from making any decision about a hotel, because he did not plan to book a hotel room at Defendant's hotels, according to the Complaint. He did not suffer from discrimination that the ADA was enacted to prevent. To the contrary, Plaintiff was treated equally with all other fully- and differently-abled internet users who do not intend to visit Defendant's hotels.

Plaintiff appears to conflate the injury-in-fact standard with the standard used to assess injunctive relief. For an ADA claim, a plaintiff must first establish there was a violation of the ADA by alleging an injury-in-fact, which Plaintiff has not done, and cannot do. Then, if seeking injunctive relief, a plaintiff must then show that he will suffer future injury. Plaintiff argues that *Houston v. Marod Supermarkets, Inc., supra*, 733 F.3d 1323 (11th Cir. 2013), supports his claim that he has standing for injunctive relief. However, Plaintiff has not cleared the first hurdle of establishing an injury-in-fact, obviating any need to argue for injunctive relief.

In *Shotz v. Cates*, 256 F.3d 1077 (11th Cir. 2001), plaintiffs there sought injunctive relief under the ADA for violations of architectural barriers. The 11th Circuit determined that plaintiffs had not attempted to return to defendant's establishment, nor did they allege they intended to return in the future. As such, they were not entitled to injunctive relief. *Id.* at 1082.

In the instant matter, Plaintiff has not alleged that he ever intends to book a room through Defendant's web site. That alone prevents Plaintiff from recovering the injunctive relief sought in the Complaint.

Plaintiff claims that his status as a tester plaintiff somehow gives him a free pass from establishing the required injury-in-fact. This is simply not so. Although the Supreme Court allowed tester standing in *Haven's Realty Corp v. Coleman*, 455 U.S. 363 (1982), "[t]he vast majority of courts that have dealt with the issue have denied [tester] standing to [ADA] plaintiffs." Kelly Johnson, *Note: Testers Standing Up for Title III of the ADA*, 59 Case W. Res. L. Rev. 683, 697 (2009). Other District Courts have agreed with the weight of the authority that tester standing is not available under Title III of the ADA. *See, i.e., Nat'l All. for Accessibility, Inc. v. Waffle House, Inc.*, No. 5:10-CV-375-FL, 2011 U.S. Dist. LEXIS 69815, at *7 n.1 (E.D.N.C. June 29, 2011).

In *Houston, supra*, the 11th Circuit stated that the "tester" status did not by itself foreclose standing to plaintiff, but plaintiff must still show a "real and immediate threat of future injury." *Houston, supra*, 733 F.3d at 1334. In *Gaylor v. Hamilton Crossing CMBS*, 582 Fed. Appx. 576, 580 (6th Cir. 2014), the court addressed another architectural barrier matter, and determined that the tester plaintiff there had standing because he had visited the defendant's store and planned to return for a reason other than to test for ADA compliance.

However, in *Kennedy v. Solano*, 735 Fed. Appx. 653, 655 (11th Cir. 2018), the tester plaintiff did not have standing because she only visited defendant's store once, lived far away, and had no definitive plan to return. In *Kramer v. Midamco*, 656 F.Supp.2d 740, 747-48 (N.D. Ohio 2009), plaintiff was denied standing as a tester plaintiff under the ADA because she

6

manufactured standing by claiming she intended to return to defendant's establishment. Plaintiff frequented the area but did not allege she had a credible plan to return.

Here, Plaintiff's Complaint does not allege that he has ever visited Defendant's hotels and does not allege he has any plan to ever do so. Plaintiff has no standing as a "tester plaintiff." Because manufactured standing is suspicious, Plaintiff will be unable to allege a credible plan to visit any of Defendant's hotels in the future.

Plaintiff's Complaint fails to allege any injury-in-fact that would establish standing to proceed with an ADA claim against Defendants. Defendant's website does not discriminate against Plaintiff, because Plaintiff did not allege he planned on staying at Defendant's hotels. Because there is no injury-in-fact, Plaintiff's failure to allege the potential for future discrimination – which he does not do in the Complaint – is moot and Plaintiff is unable to seek injunctive relief. In addition, Plaintiff has not established any facts that would establish himself as a "tester" Plaintiff because he has not pled a real and immediate threat of future injury. As such, Plaintiff's Complaint is deficient and must be dismissed.

**B.    Plaintiff Fails to Present Any Viable Argument to Contest Defendant's Claim That There Is a Private Right Of Action for Violation of 28 C.F.R. § 36.302(e)(1)**

Plaintiff fails to respond in any meaningful way to Defendant's argument that there is no private right of action for violating the CFR. Plaintiff notes that determining whether a regulation creates a private right of action requires an analysis of Congress' intent to do so, yet Plaintiff does not cite anything that would indicate Congress intended to extend the private right of action embodied in the ADA to the CFR. Plaintiff quotes 28 C.F.R. § 36.302(e)(1) and the DOJ Guidance (Plaintiff's Brief at 12), neither of which represent Congress' intent to extend a private right of action.

Defendant's primary brief sets forth a legal argument to support its claim that the CFR regulations – specifically, the regulation that Plaintiff claims Defendant violated – goes beyond what the ADA mandates.  The ADA does not require places of public accommodation to specify what features are available to accommodate individuals with disabilities.  28 C.F.R. § 36.302(e)(1) does require a facility to specify such accommodations.  As such, the CFR regulation goes beyond what the ADA mandates.

Moreover, the CFR regulation requires specificity regarding what accommodations are available for individuals with disabilities, but also notes that the requirements will differ depending on the physical structure of each facility.  The CFR regulations also notes that the facility must give enough detail so that a disabled patron can *reasonably* assess the accommodations.  Because the CFR is not specific regarding the disclosures each facility must make, the CFR cannot establish a private right of action.  Otherwise, any patron could file a complaint against any facility who violates the unclear requirements embodied in the CFR.

Plaintiff similarly fails to respond to Defendant's argument that the Department of Justice specifically excluded website accessibility from its Regulations. (Defendant's Brief at 8).

Plaintiff has not shown that Congress intended to extend the right of action embodied in the ADA to the CFR regulation at issue in the instant matter.  Plaintiff cannot do so because Congress has not given a private right of action to 28 C.F.R. § 36.302(e)(1).

## III.  CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that Defendants' Motion to Dismiss Plaintiff's Complaints pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) be granted.

Respectfully submitted,

By: _____
Russell L. Lichtenstein, Esquire
Attorney for Defendant, Caesars License Company, LLC

Dated: June 14, 2019
CLAC 4996169.1